UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AUBREY HANSEN,<br><br>Defendant. | 5:23-CR-50054-02-KES<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE** |

Defendant, Aubrey Hansen, filed a pro se motion under 18 U.S.C. § 3582(c)(2) and Amendment 821, requesting a reduction to her sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 114. Plaintiff, the United States of America, objects. Docket 116. For the following reasons, Hansen's motion for a sentence reduction is denied.

## DISCUSSION

The process for considering a § 3582(c) motion is well established. As the Supreme Court has made clear, § 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826-27.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the

1

court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

Hansen's original criminal history computation resulted in a subtotal score of nine. Docket 89 ¶ 63. Two status points were added because the instant offense was committed while Hansen was under a criminal justice sentence, resulting in a total of 11 criminal history points. *Id.* ¶¶ 64-65. Although Hansen meets the criteria under amended U.S.S.G. § 4A1.1(e) for a reduction in status points, the Amendment does not lower her applicable guideline range because her criminal history score did not change her criminal history category. Therefore, Hansen is not eligible for a reduction of her sentence.

Additionally, Hansen's count of conviction carries a ten-year mandatory minimum sentence and the court sentenced her to 120-months in custody. Amendment 821 has no effect on the mandatory minimum applicable to Hansen. U.S.S.G. § 5G1.1(c)(2) ("[T]he sentence may be imposed at any point

within the applicable guideline range, provided that the sentence. . . is not less than any statutorily required minimum sentence."). *See, e.g.*, *United States v. Thomas*, 2024 WL 4381183, at *3 (E.D. Mo. Oct. 3, 2024)(denying compassionate release and noting that movant remained subject to the mandatory minimum sentence).

## CONCLUSION

Therefore, it is

ORDERED that Hansen's motion, Docket 114, is DENIED.

Dated July 28, 2025.

                                          BY THE COURT:

                                          /s/ *Karen E. Schreier*
                                          KAREN E. SCHREIER
                                          UNITED STATES DISTRICT JUDGE